FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PATRICIA MARIE W.,

     Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

No. 1:18-CV-03036-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12, 16. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

# I.     JURISDICTION

Plaintiff filed her application for Supplemental Security Income on June 6, 2014. AR 17, 188. Her alleged onset date is January 1, 2014. *Id.* Her applications were initially denied on October 27, 2014, AR17, 83. and on reconsideration on February 23, 2015, AR 17, 96-97.

Administrative Law Judge ("ALJ") Larry Kennedy held a hearing on September 15, 2016. AR 17, 36-70. On December 28, 2016, ALJ Kennedy issued a decision finding Plaintiff ineligible for disability benefits. AR 17-30. The Appeals Council denied Plaintiff's request for review on January 3, 2018, AR 1-6, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on March 9, 2018.  ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.     SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Plaintiff was 32 years old on the date the application was filed. AR 27. She has at least a high school degree and is able to communicate in English. *Id*. Plaintiff's prior work experience as a nurse assistant and nurse school attendant. AR 27.

## V.   THE ALJ'S FINDINGS

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from June 6, 2014, through the date of the decision. AR 17-29.

At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 6, 2014, the date she filed her application for benefits (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 20.

At **step two**, the ALJ found Plaintiff had the following severe impairments: major depressive disorder; anxiety; generalized anxiety disorder; post traumatic stress disorder ("PTSD"); borderline-personality disorder; attention deficit hyperactivity disorder. *Id*.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 22.

At **step four**, the ALJ found Plantiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following limitations: she can perform simple, routine tasks and follow short, simple instructions; she can do work that needs little or no judgement and can do so in proximity to coworkers but not in a cooperative or team effort; she requires a work environment that has no more than superficial interactions with coworkers; she requires a work environment that is predictable with few work setting changes; she cannot deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process,

however, incidental contact of a superficial nature with the general public is not precluded. AR 23.

The ALJ determined that Plaintiff was unable to perform any past relevant work as a nurse assistant or nurse school attendant. AR 27.

At **step five**, the ALJ found that in light of her age, education, work experience, and residual functional capacity, there are also other jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 27-28. These include industrial cleaner, kitchen helper, laundry worker II, cleaner/housekeeper, and "assembler. AR 28.

## VI.   ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) Improperly discrediting Plaintiff's subjective complaint testimony; (2) improperly weighing the medical opinion evidence; and (3) improperly concluding that Plaintiff did not have medically determinable and severe headaches at step two of the sequential evaluation process.

## VII.   DISCUSSION

**A. The ALJ Properly Evaluated Plaintiff's Symptom Testimony.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti,* 533 F.3d at

1039. First, the claimant must produce objective medical evidence of an underlying

impairment or impairments that could reasonably be expected to produce some

degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold,

and there is no affirmative evidence suggesting malingering, "the ALJ can reject

the claimant's testimony about the severity of [his] symptoms only by offering

specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors,

including, "(1) ordinary techniques of credibility evaluation, such as the claimant's

reputation for lying, prior inconsistent statements concerning the symptoms, and

other testimony by the claimant that appears less than candid; (2) unexplained or

inadequately explained failure to seek treatment or to follow a prescribed course of

treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273,

1284 (9th Cir. 1996). Here, the ALJ found Plaintiff's medically determinable

impairments could reasonably be expected to cause her alleged symptoms, but her

statements concerning the intensity, persistence, and limiting effects were not

entirely consistent with the evidence in the record. AR 22-25. The ALJ provided

multiple clear and convincing reasons for discrediting Plaintiff's subjective

complaints.

//

//

### 1. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistency with treatment.

The ALJ noted multiple inconsistencies with Plaintiff's treatment. AR 22-25. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Additionally, an ALJ may also find a claimant's symptom testimony not credible based on evidence of effective responses to treatment or when Plaintiff is not following treatment without a good reason. *See*, *e.g.*, *Burch*, 400 F.3d at 681; *Molina*, 674 F.3d at 1114*; Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); 20 C.F.R. §§ 404.1529(c)(3), 416.1529(c)(3). Here, the ALJ referenced multiple instances that suggest Plaintiff's symptoms are not as severe as she alleged.

First, the ALJ noted that Plaintiff had chronic problems with compliance in taking her medication. AR 25, 424, 432. The ALJ noted that in February and March of 2016, while compliant with her medication, Plaintiff was experiencing "good stability," felt better after walking for 20 minutes as advised by her healthcare provider and needed to come to appointments only once per month. AR 25, 447, 494, 503, 507. Plaintiff stated that her medications were making a difference and that when she did not take her medication, she noticed a difference

and felt more down, tired, angry and irritable. AR 25, 452, 456, 459, 491, 513, 534, 537. Health records noted that Plaintiff was handling interpersonal interactions in a healthier manner after engaging in mental health counseling. AR 24-25, 513, 516. While attending mental health counseling, Plaintiff reported having better self-talk and approaching issues calmly. AR 499, 517, 519, 521, 527, 529, 531, 533.

Thus, the record shows that Plaintiff responded favorably when she complied with her treatment and medications. AR 25, 427, 434. Impairments that can be controlled with treatment are not disabling. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As such, the ALJ reasonably found that Plaintiff's success when compliant with treatment contradict her allegations of total disability. There is substantial evidence in the record supporting the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

### 2. The ALJ properly discredited Plaintiff due to inconsistent statements.

Next, the ALJ pointed to Plaintiff's multiple inconsistent statements. AR 25. Inconsistent statements may be considered by an ALJ when evaluating reliability of a claimant's testimony. *Smolen*, 80 F.3d at 1284. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039.

In February 2015, Plaintiff reported being able to shop independently. AR 402. However, at the hearing, she testified that she had to take a friend shopping with her because she could not go alone because she got anxious being out alone in crowds. AR 26, 45, 47. Plaintiff also reported that she had no difficulty caring for her two children as well as her boyfriend's three children, AR 22, 25, 401-02, which is inconsistent with her testimony that her parents had to help care for her children a lot due to her impairments. AR 48. Further, Plaintiff claimed an inability to get out of bed and go for walks and that she would get anxiety while out in public were contradictory to her reports that she was not socially withdrawn, she was "going out and doing things," attended a lot of family functions, hung out with friends a lot, and played Pokemon Go. AR 22, 25, 398, 401-02, 428, 452, 456 447-65.

There is substantial evidence in the record to support the ALJ's finding that Plaintiff provided inconsistent statements regarding her level of disability. Thus, the ALJ reasonably discredited Plaintiff due to her inconsistent statements.

### 3. The ALJ properly discredited Plaintiff's subjective complaints due to her activities of daily living.

Next, the ALJ found that Plaintiff's allegations of disabling limitations were belied by her daily activities. AR 22, 25. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities

suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

These activities include dressing, bathing and grooming herself, performing household chores such as sweeping and vacuuming, going to the store, spending a lot of time with friends, going to a lot of family functions, going for walks and playing Pokemon Go. AR 22-23, 401, 428, 447-65. Plaintiff also had no difficulty caring for her children. AR 22, 401-02. She reported getting them ready for school, helping them with their homework and playing with them on the weekends. *Id.* Further, Plaintiff was also able to help care for her boyfriend's three children in addition to her own. *Id.*

The ALJ reasonably found that Plaintiff's daily activities contradict her allegations of total disability. There is substantial evidence in the record in supporting the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

**4. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistencies with the medical record.**

The ALJ also noted multiple inconsistencies between Plaintiff's subjective complaints and the objective medical evidence. AR 26-27. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence.

*Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

For example, despite allegations of completely disabling mental impairments, while attending mental health appointments Plaintiff often presented as engaged, calm, alert, and cooperative, with good eye contact, and clear and articulate speech. 429, 432-33, 436-37, 447, 448, 450. Dr. Hacker's opinion also contradicted Plaintiff's allegations. AR 26-27, 94. Dr. Hacker opined that Plaintiff had no significant limitations with her ability to perform short, simple, or detailed instructions, sustain an ordinary routine, work in proximity to others, and make simple work-related decisions. *Id.* Thus, the ALJ provided sufficient support for discrediting Plaintiff's subjective complaints.

In sum, the Court finds that the ALJ did not err when assessing Plaintiff's subjective symptom testimony due to the numerous legally sufficient reasons stated here that are inconsistent with her claims of total disability. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947,

954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

provider's opinion on a psychological impairment, the ALJ must offer more than

his or her own conclusions and explain why he or she, as opposed to the provider,

is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### 1. Examining psychologist, Roland Dougherty, Ph.D.

Dr. Dougherty performed a psychological examination on Plaintiff in

February of 2015. AR 26, 397-403. Dr. Dougherty opined that Plaintiff would have

some difficulty dealing with coworkers, she should be able to accept instructions

from supervisors, had the ability to do at least some detailed and complex tasks,

was likely to have a good deal of difficulty maintaining regular attendance,

completing normal workdays and workweeks without interruption, and dealing

with stress in the workplace. AR 403.

The ALJ assigned limited weight to Dr. Dougherty's opinion regarding

Plaintiff's mental functionality. AR 26. The ALJ properly supported this

determination with multiple valid reasons supported by the record. First, the ALJ

found that the doctor's opinion was inconsistent with Plaintiff's actual level of

activity and reports that she shopped independently, was not socially withdrawn,

attended a lot of family functions, took friends to the store, hung out with friends a

lot, was raising two children and helping to raise three more, and that she "was

going out and doing things." AR 22, 25, 398 401-02, 428. An ALJ may properly

reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856.

Next, the ALJ gave Dr. Dougherty's opinion limited weight because it relied heavily on Plaintiff's own self-reports of her symptoms. AR 26. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). As discussed above, the Court found the ALJ did not err by determining Plaintiff's subjective complaints were not entirely credible. *See supra* at pp. 10-14.

The ALJ further rejected Dr. Dougherty's opinion because it was inconsistent with the other evidence in the record. AR 26. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). For example, minimal findings upon physical examination, AR 350, and the medical sources evaluated by the ALJ found that Plaintiff could still work despite considering her reports of headaches, AR 26, 347, 350, 387.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

*Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Dougherty's opinion.

### 2. Examining physician, William Drenguis, M.D.

Dr. Drenguis performed a consultative physical examination and functional assessment on Plaintiff in October 2014. AR 26, 347-51. In his report, Dr. Drenguis opined that Plaintiff could perform medium level work. AR 26, 350-51. The ALJ gave no weight to Dr. Drenguis' opinion. AR 26, 347-51.

The ALJ rejected Dr. Drenguis' opinion because it was inconsistent with his own examination findings as well as the over all record. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See* Morgan, 169 F.3d at 600. During the exam, Dr. Drenguis found Plaintiff's range of motion, strength, reflexes, straight leg raise test, and senses were all within normal limitations. AR 26, 350. Nor did the doctor make any findings related to Plaintiff's complaints of neck and back pain. *Id*. Despite these benign finding or absent findings, Dr. Drenguis determined Plaintiff was capable of only a medium level of work.

Further, the ALJ also found Dr. Drenguis' opinion unreliable because it did not establish that Plaintiff's symptoms were medically determinable, nor did it

provide an objective basis or reasonable explanation for determining Plaintiff's

limitations. AR 26. Did not make any findings related to Plaintiff's complaints of

neck and back pain. AR 26, 350. An ALJ need not accept the opinion of a doctor if

that opinion is brief, conclusory, and inadequately supported by clinical findings.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

When the ALJ presents a reasonable interpretation that is supported by the

evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853,

857. The Court "must uphold the ALJ's findings if they are supported by inferences

reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

*Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one

rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of

Dr. Drenguis' opinion.

### 3. Nonexamining physician, Howard Platter, M.D.

State agency medical consultant Dr. Platter reviewed the records in evidence

as of February 2015. AR 27, 92-93. Dr. Platter opined that Plaintiff was limited to

medium level or exertional work. *Id.* The ALJ considered the February 2015

opinion of nonexamining physician Dr. Platter without specifically assigning

weight it. AR 27, 92-93. However, the ALJ did compare the opinion to the opinion

of Dr. Dregnuis, which he assigned no weight, and made similar findings with regard to the two opinions. AR 26, 27; *See supra* pp. 18 and 19.

First, the ALJ noted that Dr. Platter's opinion was inconsistent with the medical record as a whole. AR 27, 92-93, 350, 347, 387. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at 600. Second, the ALJ noted that Dr. Platter's opinion did not establish that Plaintiff's impairments are medically determinable, nor provide any objective basis or reasonable explanation for finding such physical limitations. AR 27, 92-93. An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss*, 427 F.3d at 1216.

### 4. Nonexamining psychologist, Dan Donahue, Ph.D.

Plaintiff takes issue with the ALJ's lack of discussion regarding the opinion of Dr. Donahue. ECF No. 12 at 9 n.1. However, Dr. Donahue's opinion is also contained in Dr. Hacker's opinion, which the ALJ did discuss and assigned it partial weight. AR 27, 80-81, 87, 92-93. A commissioner need not discuss all evidence presented, rather, he need only explain why significant probative evidence has been rejected. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The ALJ reviewed all of the evidence, including Plaintiff's unreliable testimony, and upon review of the full record, he determined Dr. Hacker's and Dr. Donahue's opinions were inconsistent with the reliable portions of the record. Thus, Plaintiff has not demonstrated harmful error.

**C. The ALJ Did Not Err at Step Two of the Sequential Evaluation Process.**

Plaintiff contends that the ALJ erred by failing to find that Plaintiff's headaches were a severe impairment. ECF No. 12 at 4.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

Under step two, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding his symptoms. 20 C.F.R. §§ 404.1508, 416.908.

Without objective support for her contention, Plaintiff argues the ALJ erred by failing to determine that her headaches were a severe impairment. ECF No. 12 at 3-6. However, apart from her own subjective complaints of headaches, there is scant evidence in the record documenting the alleged impairment. Absent proof of limitations affecting Plaintiff's ability to perform basic work activities an impairment is not considered severe. *See Edlund*, 253 F.3d at 1159-; *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

1    Furthermore, because Plaintiff was found to have at least one severe

2    impairment, this case was not resolved at step two. Thus, any error in the ALJ's

3    finding at step two is harmless, if all impairments, severe and non-severe, were

4    considered in the determination Plaintiff's residual functional capacity. *See Lewis*

5    *v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an

6    impairment in step two is harmless error where the ALJ includes the limitations of

7    that impairment in the determination of the residual functional capacity). While

8    Plaintiff argues that the ALJ erred by failing to find her headaches severe at step

9    two, Plaintiff does not describe any additional limitations that were not included by

10   the ALJ in assessing her residual functional capacity. Further, despite the medical

11   sources evaluated by the ALJ finding that Plaintiff could still work, even after

12   considering her reports of headaches, AR 26, 347, 350, 387, and the ALJ's own

13   finding that Plaintiff's headaches were not severe, he nonetheless discussed the

14   impairment throughout his decision. AR 21,24, 25.

15       Additionally, the ALJ specifically noted that he considered all symptoms

16   and opinions in assessing the residual functional capacity. AR 23-24. And the ALJ

17   accounted for Plaintiff's symptoms when determining Plaintiff's limitations. AR

18   23. Accordingly, the Court finds the ALJ did not err in the step two analysis, and if

19   any error did occur it was harmless.

20

# VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

3.  The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 1st day of April, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge